UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

|  |  |
|---|---|
| UNITED STATES OF AMERICA, EX REL. MICHAEL STEWART,<br><br>            Plaintiff,<br><br>     -vs-<br><br>ALTECH SERVICES, INC., an Oklahoma corporation, and THOMAS WANDER and JANE DOE WANDER,<br><br>            Defendants. | NO.   CV-07-0213-LRS<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME AND DENYING MOTION TO DISMISS** |

BEFORE THE COURT is the Plaintiffs' Motion to Continue and to Amend Scheduling Order, Ct. Rec. 34, and Defendants' Motion to Dismiss Thomas Wander and Jane Doe Wander, Ct. Rec. 37, both motions being filed on September 27, 2010 and noted without oral argument for October 29, 2010.

**I.   BRIEF BACKGROUND**

Plaintiff, Michael Stewart, brought this present action under 31 U.S.C. §3729, False Claims Against the United States. The Original Complaint against Altech Services, Inc. was filed on July 3, 2007 (Ct. Recs. 1-3).  That Complaint was sealed by this Court pursuant to 31 U.S.C. §3730 (2) while the government conducted its review.  The Government declined to proceed with the case against Altech Services, Inc. and on January 20, 2010 Defendant, Altech, filed its answer in this matter

ORDER - 1

and the case commenced (Ct. Rec. 21).  On September 22, 2009, Plaintiff Michael Stewart amended his complaint to add personally named Defendants, Thomas Wander and Jane Doe Wander, to the suit (Ct. Rec. 18).  Mr. and Mrs. Wander were served on August 22, 2010 in Oklahoma.

**A. MOTION TO CONTINUE**

Plaintiff Relator Michael Stewart asserts that he is taking his obligation to represent the government's interests seriously. However, in order to do so, Mr. Stewart indicates it has taken more time than anticipated gather and process the information on this very complex claim.  Because progress has been slower than expected, Plaintiff is asking for a twelve month continuance.  Initially, Defendants opposed the continuance, but has since withdrawn the objection.  The Court herein finds good cause to grant the continuance.

**B. MOTION TO DISMISS**

Defendants, Thomas and Jane Doe Wander, now move this Court to dismiss this action against them pursuant to Fed.R.Civ.P. 12(b)(1)and (2) alleging lack of subject matter jurisdiction and lack of personal jurisdiction.  More specifically, Defendants argue that Plaintiff has attempted to initiate a new lawsuit against a new, originally unnamed party by adding Defendant(s) without following the applicable statute. To allow the Plaintiff to add additional Defendants which amounts to initiating a new case, without properly adhering to the requirements of the statue 31 U.S.C. §3729 et.seq. By amending its Complaint, Defendants argue, Plaintiff  removes the protection of the Government investigation from the process which the statue is intended to provide.

1    Plaintiff responds that in *United States ex rel. Lujan v. Hughes*

2  *Aircraft Co.*, 67 F.3d 242, 245 (9th Cir.1995), the Ninth Circuit held

3  that the False Claims Act does not contain a provision that authorizes

4  dismissal as a sanction for disclosures in violation of the seal

5  requirement.  Plaintiff cites *Lujan* as establishing the principle that

6  the sealing "requirements of § 3730(b)(2) are not jurisdictional, and

7  violation of those requirements does not per se require dismissal of

8  the qui tam complaint."

9    Plaintiff likens the instant case to *United States ex rel. Branch*

10 *Consultants, L.L.C. v. Allstate Ins.*, 668 F. Supp. 2d 780,803, (E.D.

11 La. 2009). Plaintiff explains that the Relator's first complaint

12 pleads the conduct of Altech and the underlying facts resulting in the

13 false claims action. Plaintiff argues Stewart properly filed the

14 action under seal and brought the false claims to the attention of the

15 government. The government met with Stewart who described in detail

16 the false claims and following a lengthy period of investigation, the

17 government elected to allow Stewart to pursue the case.  Plaintiff

18 asserts that the addition of Thomas Wander as a defendant does not

19 present any new information or additional allegations of misconduct

20 and as such, the government was not prejudiced by the amended

21 complaint.  Plaintiff concludes that Stewart complied with the

22 requirements under 31 U.S.C. §3730 and did not violate the statute by

23 filing an amended complaint. Plaintiff concludes that 31 U.S.C. §3730

24 is not jurisdictional and it merely safeguards the government's right

25 to intervene in any false claim action.

26

ORDER - 3

1    In reply, Defendants argue that the instant case involves a

2  situation where a party was added who was not properly before the

3  court when the complaint was sealed and being reviewed by the

4  Government. This fact sets it apart from cases cited by Plaintiff

5  allowing an amended complaint adding claims to parties already

6  properly before the court. Defendants explain that the interests that

7  must be balanced are: 1) to encourage more of this private litigation;

8  while 2) still allowing the Government to fully evaluate the claims.

9  Defendants argue that the Government cannot fully evaluate these types

10 of claims when the proper defendants are not involved in the process.

11   The Court finds that failure to comply with the seal provisions

12 of § 3730(b)(2) are not jurisdictional, and violation of those

13 requirements does not per se require dismissal of the qui tam

14 complaint.  U.S. ex rel. Lujan v. Hughes Aircraft Co., 67 F.3d 242

15 (9th Cir. 1995).  No provision of the False Claims Act explicitly

16 authorizes dismissal as a sanction for disclosures in violation of the

17 seal requirement. Further, the Court finds defendants' argument lacks

18 merit because by its terms, § 3730(b)(2) applies only to the complaint

19 and not to any amended complaint.  *See Wisz ex rel. U.S. v. C/HCA*

20 *Development, Inc.*, 31 F.Supp.2d 1068, 1068-69 (N.D.Ill.1998).  In *U.S.*

21 *ex rel. Milam v. Regents of University of California*, 912 F.Supp. 868,

22 889-90 (D.Md.1995), the relator's amended complaint added defendants

23 but was not filed under seal or in camera. The *Milam* court rejected

24 the defendant's argument that plaintiff failed to comply with §

25 3730(b)(2) and held that "[the relator] followed the requirements of §

26 3730(b)(2) when filing the initial complaint. Neither the statute nor

ORDER - 4

1  any relevant case law imposed upon [the relator] the duty to file any
2  amendments to that complaint in camera and under seal." *Id*. at 890.

3  **II.  CONCLUSION**

4       This Court does not find appropriate authority, given the facts
5  presently before the Court, to dismiss the defendants Thomas Wander
6  and Jane Doe Wander named in the amended complaint.  The Court takes
7  into account the unopposed requested year-long continuance,
8  defendants' failure to demonstrate undue hardship, actual harm or
9  prejudice to the government caused by Plaintiff's failure to seal the
10  amended complaint, and absence of bad faith or willfulness on the part
11  of Plaintiff.  The addition of Thomas Wander as a defendant does not
12  present any new information or additional allegations of misconduct
13  and as such the Court denies Defendants' motion to dismiss.
14   Accordingly,

15       **IT IS ORDERED** that:

16       1.  The Plaintiffs' Motion to Continue and to Amend Scheduling
17  Order, **Ct. Rec. 34**, is **GRANTED**.  Although Defendants initially opposed
18  the motion, their objection was withdrawn on October 29, 2010 (Ct.
19  Rec. 50).  The motion requests that the currently scheduled trial be
20  continued.  The currently scheduled trial date of March 14, 2011 is
21  **VACATED**.  <u>The parties are directed to submit a Joint Status</u>
22  <u>Certificate indicating agreed upon new dates for trial and other</u>
23  <u>deadlines the parties desire to continue</u>.  After the Court receives
24  the Joint Status Certificate it will set a telephonic scheduling
25  conference.

26

ORDER - 5

1      2.  Defendants' Motion to Dismiss Thomas Wander and Jane Doe

2  Wander, **Ct. Rec. 37,** is **DENIED.**

3      The District Court Executive is directed to file this Order and

4  provide copies to counsel and pro se Defendant.

5      **DATED** this 18th day of November, 2010.

6

7                                          *s/Lonny R. Suko*

8                                   LONNY R. SUKO
                                 CHIEF UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 6